# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-CV-138-TCK/SAJ |
| KELLY DOWDY, Individually and as Parent and Next Friend of LAUREN DOWDY, a minor, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Comes on for determination Motion of Plaintiff State Farm Mutual Automobile Insurance Company to Require Defendant to Select Role of Attorney Holtmann as Either an Advocate or Witness, But Not Both [Dkt.#59], and the Court, having considered the argument and authority presented, finds a hearing is not necessary and accordingly enters the following order.

### Background

Counsel of record for Defendants in this action are George Michael Miles and Steven Hickman, Frazier, Frazier & Hickman and Harold L. Holtmann, Holtmann Law Office, P.C. Holtmann is also listed by Defendants as a witness to testify on behalf of Defendants at trial. Plaintiff took the deposition of Holtmann, during which inquiry was made

1

regarding which role he intended to play in the trial. Objections were lodged and Plaintiff thereafter filed this motion seeking an order from the Court to require Holtmann to elect to proceed as either fact witness or counsel, but not both, and to require him to withdraw from one or the other role.

Plaintiff cites to Rule 3.7, Oklahoma Rules of Professional Conduct, which provides:

Lawyer as Witness

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.[1]

5 O.S. App. 3-A, Rule 3.7. Oklahoma Rules of Professional Conduct.

Plaintiff asserts none of the four exceptions apply to the facts of this case. As further support, Plaintiff cites to the Comments to Rule 3.7.

Plaintiff concedes Rule 3.7 does not render a lawyer incompetent to testify, citing *Crussel v. Kirk*, 894 P. 2d 116 (Okla. 1995), in which the Oklahoma Supreme Court found the rule invests the trial court with discretion to determine whether a party's "advocate at trial" may testify. Plaintiff urges the trial court must consider the underlying rationale of Rule 3.7, which includes elimination of the possibility that the lawyer would not be an

---

[1]These are inapplicable as they relate to conflict of interest between counsel and client.

2

objective witness, reducing the risk that the jury would confuse the roles of witness and advocate, and a broad concern that judicial process not only be fair but appear fair.

Defendants object, asserting that Holtmann has represented Kelly Dowdy in various matters for almost a decade. In particular, Holtmann represented Ms. Dowdy with regard to severe injuries she received in a 1998 automotive accident, which resulted in litigation with Plaintiff. He was then hired to represent her in regard to the January 28, 2003 accident which is the subject of this litigation, in which she was also injured. In this case, there are two causes of action, the first for her personal injuries, the second for bad faith in the claims adjustment process.

Defendants assert Holtmann had extensive contact with Ms. Dowdy concerning her physical condition, serving as her sole counsel through the claims processes. As a result, Defendants claim Holtmann has knowledge not available to the Dowdys from any other source, of the injuries she sustained from the two incidents and how they compare to each other, and of the course of dealing by Plaintiff prior to this action being filed.  Ms. Dowdy is now deceased. Defendants urge if Holtmann is not allowed to testify as a witness, Defendants would be deprived of the ability to present vital evidence relative to both causes of action which cannot be effectively duplicated any other way.  Defendants have described in great detail the importance of Holtmann as a fact witness, suggesting that he is the only witness to certain essential facts. Holtmann's affidavit indicates his intricate knowledge of the facts has benefitted not only co-counsel for Defendants, but Plaintiff's counsel as well. Clearly, Defendants view Holtmann as a necessary witness.

At the same time, Defendants assert that because Holtmann has represented Ms. Dowdy throughout this matter, his knowledge of and experience with the facts, as counsel,

are likewise, not capable of being substituted at trial. Defendants state it is not their intent to have Holtmann participate at trial by way of making arguments to the court or jury or questioning witnesses. It is their intent that he be a witness on the witness stand and sit at counsel table as "second chair" to trial counsel. Defendants urge Holtmann's dual role is justified under the exception to Rule 3.7 in that his disqualification would work substantial hardship on the client. Defendants urge this distinguishes this case from the holding in *Crussel*.

Plaintiff filed reply brief in which it urges Defendants intent to sit at counsel table and appear as a witness would confuse the jury and prejudice the Plaintiff. Plaintiff asserts this is exactly the type of conduct which Rule 3.7 is designed to prohibit, citing *Lowe v. Experian*, 328 F. Supp. 2d 1122 (D. Kan.2004) in support of the court's inherent power to disqualify counsel "where necessary to preserve the integrity of the adversary process."

Courts must carefully balance the interest in protecting the integrity of the judicial process with the right of a party to have counsel of its choice. Review of the applicable case law leads this Court to conclude those interests are best served in this matter by barring Holtmann from appearing in both capacities.

The Court finds *Crussel* is distinguishable. *Crussel* was a medical malpractice case brought by plaintiff against her doctor following thirteen unsatisfactory breast reconstruction surgeries. The law firm of Malloy & Malloy represented plaintiff. Prior to suit being filed, Pat Malloy, Jr., referred Crussel to Dr. Howard, a plastic surgeon, for evaluation of the merits of the claim. Dr. Howard advised Malloy, Jr., that Dr. Kirk was "involved in something that he did not fully understand" but that Dr. Howard would not testify against Dr. Kirk. Malloy, Jr., then sent Crussel to Dr. Salomon, who became the expert witness in the case.

4

After the case was filed, Malloy, Jr., learned Dr. Howard was listed as a defense witness and realized he might have to be a witness in the case, depending upon Dr. Howard's testimony.  Pat Malloy, III., son and law partner of Malloy, Jr., thereafter entered an appearance in the case on behalf of plaintiff, along with Leslie Williams.  The pretrial order listed Dr. Howard as a witness for defendant but did not list Malloy, Jr. At trial, Malloy, III., and Williams served as counsel. Malloy, Jr., did not, although he never withdrew as counsel of record.

Defendant called Dr. Howard as the only expert in plastic surgery.  Malloy, III., cross examined Dr. Howard, ending with questions directed to what Dr. Howard had told Malloy, Jr.  Dr. Howard denied having made the asserted statements to Malloy, Jr. Malloy, III., then called Malloy, Jr., to testify about the prior statement. The trial court excluded Malloy, Jr.'s testimony.

The Oklahoma Supreme Court reversed the trial court's exclusion of the testimony of Pat Malloy, Jr., finding he should be allowed to testify. The court noted Malloy, Jr. , never acted as an advocate at trial, did not present arguments nor examine any witnesses. Malloy, Jr., was found to have taken prophylactic steps sufficient to satisfy the rational of Rule 3.7. Under the circumstances of the case, the Court found the exclusion of his testimony was patently erroneous.

There is no indication in *Crussel* that Malloy, Jr., sat at counsel table or actively participated in any way in the trial until he was called as a rebuttal witness.  The role of a rebuttal witness is markedly different from the role of a witness who is called to establish a case-in-chief.  It was not until Dr. Howard denied the conversation that Malloy, Jr.'s testimony was needed.  The probability of his being called was uncertain. In this case, there

appears to be little, if any, possibility that Holtmann will not only testify, but may be the most important witness through which Defendants intend to build their case.

Nor will Defendants be prejudiced or suffer a substantial hardship by Holtmann's removal as advocate. Defendants are represented by one of the most successful plaintiffs' law firms in the state which regularly practices in this area of the law.  Co-counsel are certainly capable of absorbing the factual knowledge needed to present this case without the presence of Holtmann at counsel table, particularly in light of the fact they have been counsel of record in the matter from the first pleading filed.

This Court relies in part upon the mandatorily language found in Rule 3.7 in deciding this issue.  The Court concludes,  as did the  *Lowe* court, that so long as  Holtmann intends to testify at trial, he is prohibited from sitting at counsel table during the trial. Further, the Court will allow Plaintiff to invoke the rule prohibiting witnesses from being present in the courtroom during the testimony of other witnesses ("the Rule") against Holtmann. This result is necessary to avoid the confusion at trial Rule 3.7 was enacted, in part,  to avoid.

If Holtmann was allowed to sit at counsel table, he  would be introduced as counsel for the Defendants as part of voir dire. Additionally, the Court notes that it is a standard jury instruction in this district, read by the presiding judge and then sent in written form into the jury room,  that the statements of counsel are not to be considered as evidence. Finally, it would be fundamentally unfair to allow Defendants to have a fact witness who is able to hear the testimony of all other fact witnesses and consult with counsel regarding their examination and/or cross examination if Plaintiff were not given the same opportunity. The Rule was developed to level the playing field. Defendants' position would effectively add a twelfth man to Defendants' team.

6

The Court's decision does not bar Holtmann from acting as Defendants' counsel all together. He may serve as an advocate in pretrial motions and appeals from orders arising therefrom not involving appearance before a jury, non-evidentiary hearings and conferences. However, he may not appear as counsel at any depositions and any depositions previously taken should be redacted to remove any reference to Holtmann serving as counsel in this action before being submitted as evidence in the trial. As in *Lowe*, Holtmann's name should be redacted from any pleadings on which Holtmann appears as counsel if the pleadings will be introduced as evidence that will be viewed by the jury. He will not be required to withdraw as counsel.

Defendants make an additional argument that the motion as filed is directed not at Holtmann but at Defendants, who are not bound by Rule 3.7. The Court finds this argument to be disingenuous, meriting no further discussion.

Finally, the Court declines to rule on Plaintiff's prayer that the court grant Plainitff leave to conduct discovery as to Holtmann's expertise. This request raises issues more appropriately presented by motion in limine.

This Order is conditional. Should Holtmann elect to proceed as counsel rather than witness, such election must be filed with the Court within 10 days of this Order, which election would render this Order moot. Should the election be made, however, Holtmann will not be allowed to testify, either in the case-in-chief or in rebuttal.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of Plaintiff State Farm Mutual Automobile Insurance Company to Require Defendant to Select Role of Attorney Holtmann as Either an Advocate or Witness, But Not Both [Dkt.#59] is

granted in part and denied in part as set forth herein.

DATED THIS 20th DAY OF JULY, 2006.

Sam A. Joyner
United States Magistrate Judge