**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No.  04-CV-138-TCK/SAJ |
| KELLY DOWDY, Individually and as Parent and Next Friend of LAUREN DOWDY, a minor, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Comes on for hearing Plaintiff's Motion For Protective Order Directing Defendants' Counsel To Cease Obstructionist Tactics During Oral Deposition, Motion to Appoint Referee and Motion for Award of Related Fees and Expenses [Dkt. #57]*,* and the Court, having considered the argument and authority presented by the parties in their submissions to the Court, finds the matter need not be set for hearing and is ripe for determination.

Plaintiff's motion is directed to the deposition of H. L. Holtmann.[1]  Plaintiff's

---

[1] Holtmann entered an appearance as co-counsel for Defendants and was also listed as a witness for Defendants. The Court entered a separate Order July 20, 2006 resolving the issues raised as a result of Holtmann's dual role.

1

counsel asserts he was unable to complete the deposition of Holtmann due to the interruptions and speaking objections, some of which constituted answering questions and/or suggesting answers for the witness, of co-counsel for Defendants, Steve Hickman.  Plaintiff asserts that after four hours and thirty-two minutes, he moved to adjourn the deposition to move for a protective order for the remaining two hours and twenty-eight minutes of the deposition.  Plaintiff further moves the Court to appoint a referee to monitor the remaining deposition and seeks attorneys fees and expenses in connection with bringing the motion.

Plaintiff references numerous instances in the deposition transcript to establish the obtructionist tactics of Hickman, characterizing certain excerpts as being in violation of professional rules of conduct.  Plaintiff asserts the misconduct of counsel Hickman is similar to the misconduct addressed by fellow Magistrate Judge in this district, Frank H. McCarthy, in *Damaj v. Framers Insurance Co.*, 164 F.R.D. 559 (N.D. Okla 1995).  In *Damaj,* Judge McCarthy determined that defense counsel's behavior during the deposition violated Fed.R.Civ.P. 30(c), which provides that direct and cross examination during depositions is to proceed as "permitted at trial."  Plaintiff asks this Court to place restrictions on Defendants' counsel similar to those imposed in *Damaj*.

In response, Defendants' counsel Hickman states Plaintiff's counsel started the provocation with his questions. Hickman urges this was exacerbated by Plaintiff's counsel allowing only two, seven minute breaks from 9:40 a.m. until

2

adjournment at 2:24 p.m., making both sides a little "testy". Hickman asserts Plaintiff asked the same question, which had already been asked and answered, with provocative and argumentative questions in between. Hickman urges some issues raised by Plaintiff have nothing to do with counsel's conduct but only with the privilege for trial strategy protected by Fed.R.Civ.P. 26(b)(3).

Hickman states Plaintiff's counsel made no attempt to discuss the discovery disputes in good faith as required by the rules but elected instead to walk out. Hickman asserts the whole concatenation did not rise to the level of a dispute which could be certified as a discovery dispute and Plaintiff has failed to meet the condition precedent to bringing this motion.

Hickman urges attorneys fees should be denied because they are not delineated. Further, Hickman states the Tenth Circuit does not allow travel time pursuant to *Smith v. Freeman*, 921 F.2d 1120 (10th Cir. 1990).

Plaintiff's reply argues that he did not begin the provocation. Plaintiff's counsel further asserts he did not walk out of the room abruptly, but adjourned the deposition, basically, when he couldn't take any more.

### A.  VIOLATIONS OF FED.R.CIV.P. 30: DEPOSITIONS UPON ORAL EXAMINATION

Rule 30 (c) states: "Examination and cross-examination of witnesses may proceed as permitted at the trial under the provision of the Federal Rules of Evidence. . .."

3

Rule 30 (d)(1) further provides:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court or to present a motion under Rule 30(d)(4).

One purpose of the 1993 Amendments to Fed.R.Civ.P. 30 was to curtail the prior practice of unduly prolonging and unfairly frustrating the deposition process by lengthy objections and colloquy often including suggested responses to the deponent.[2] Pursuant to Rule 30 as amended, a defending attorney is allowed to state objections during a deposition "concisely and in a non-argumentative and non-suggestive manner." Fed. R. Civ. P. 30 (d)(1). Examination and cross-examination during a deposition is to proceed as permitted at trial. Fed.R.Civ.P 30 (c)."[C]ounsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer."[3]

It is accepted practice that a "defending attorney's objections should be 'succinct and verbally economical, stating the basis of the objection and nothing more.'" *Birdine v. City of Coatsville*, 225 F.D.R. 157, 158 (E.D. Penn. 2004); *See McDonough v. Keniston,* 188 F.R.D. 22, 24 (D. N.H. 1998)(recognizing that at trial in "stating an objection, counsel shall state only the basis of the objection (e.g.

---

[2] Fed.R.Civ.P 30 (d), comm. cmt. to 1993 Amendment.

[3] Fed.R.Civ.P Rule 30 (d), comm. cmt. to 1993 Amendment.

4

'leading,' or 'nonresponsive,' or 'hearsay')").

The Northern District of Oklahoma is in accord. This Court has recognized that the purpose of a deposition is to "find out what the witness saw, heard and knows, or what the witness thinks, through a question and answer conversation between the deposing lawyer and the witness." *Damaj,* 164 F.R. D. at 560. "[T]he central truth finding mechanism would be enhanced by employing, to the extent possible, the same rules of procedure during discovery as employed at trial." *Id.* "Counsel's statements when making objections should be succinct and verbally economical, stating the basis for the objection and nothing more." *Id.*

In *Damaj*, the plaintiff moved for an order directing defendant's counsel to cease obstructionist tactics in deposition. The court noted that the deposition at issue consisted of 102 pages, of which defense counsel interposed lengthy objections on 64 of those pages, some taking up the full page or a majority of the page. The court characterized this deposition as "primarily conversation and argument between counsel." *Id.* The deposition did not proceed "pursuant to the requirement of Rule 30 (c) that the examination and cross examination of witnesses proceed as permitted at trial." *Id.* (emphasis in original). Considering the record before the court, it crafted an order placing certain restrictions for the conduct of future depositions, one of which was that counsel make objections succinctly stating the basis of the objection and nothing more. *See also Birdine*, 225 F.R.D. at 159 ("[D]efense counsel should have stated simply, 'Objection. The witness has already

answered that question once today.'") The *Damaj* court further noted that,

> Counsel are not permitted to state on the record their interpretations of questions, since those interpretations are irrelevant and often suggestive of a particularly desired answer.

*Id.,* 164 F.R.D. at 560, n.1 (citing *Hall v. Clifton Precision,* 150 F.R.D. 525 (E.D.Pa. 1993)). Note that Damaj is quoted in 7 Moore's Federal Practice 30-65 at n. 1 (2005).

Counsel is obligated to object to improper questions or run the risk of waiving the objection. Rule 32(d)(3)(B) of the Federal Rules of Civil Procedure provides that:

> Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions *or answers*, in the oath or affirmation, or in the conduct of the parties, and errors of any kind which might be obviated, removed, or cured if promptly presented, *are waived* unless seasonable objection thereto is made at the taking of the deposition.

[emphasis added]. Compare 12 O.S. 1998, § 3232[D][3][b].

Typical objections to the form of the question are:

[1]   ambiguous;

[2]   vague or unintelligible;

[3]   argumentative;

[4]   compound;

[5]   leading;

[6]   mis-characterizes the witness's prior testimony;

[7]   calls for a narrative;

6

[8]   calls for speculation;

[9]   asked and answered; and

[10]   assumes facts not in evidence.

Henry L. Hecht, Effective Depositions, 359-62 [1998].

Once an objection to form is made, the examining attorney can ask another question in an attempt to overcome the objection or let the question stand. If the examining attorney lets the question stand, the deponent must answer the question [subject to the objection], but runs the risk that the question and answer may be stricken if the objection is sustained. Rule 103 of the Federal Rules of Evidence requires a lawyer making an objection to state the "specific ground of the objection, if the specific ground was not apparent from the context."

State courts have adopted similar rules. Rule CV 20.5 of the Fourteenth Judicial District, [Tulsa and Pawnee Counties] was revised, effective May 19, 2004, to read as follows:

> A.  Objections to questions during an oral deposition are limited to "Objection, leading" and "Objection, form." Objections to testimony during the deposition are limited to "Objection, nonresponsive."
>
> . . .
>
> Argumentative or suggestive objections or explanations waive objections and may be grounds for terminating the oral deposition or assessing court or other sanctions.

The Court has reviewed the four and one-half hour deposition and finds 33 instances in which counsel Hickman answered questions for the deponent

Holtmann, suggested answers for Holtmann or improperly commented on answers given, all in violation of the letter and spirit of Fed.R.Civ.P. 30 as discussed above. The Court further finds at least three instances in which counsel Hickman directed Holtmann not to answer a question in violation of Rule 30(d)(1) including the acrimonious early termination of the deposition in which Hickman would not allow the witness to answer whether the witness wished to read and sign a transcript of the deposition.  Sadly, the acrimony included a dispute as to whether the sixty seconds required for the question should be within or without the Rule 30(d)(2) seven hour deposition time limit when the deposition is reconvened.   In fairness, the Court notes two improper comments by Plaintiff's counsel which exacerbated the hostility. This in no way justifies the conduct of Defendants' counsel.

The Court finds the Motion to Appoint Referee shall be denied.  The parties may contact the undersigned  Judge by telephone during a recess should further supervision be required during the deposition itself.  The parties are free to conduct the deposition in a witness room at  the federal courthouse for closer supervision, by contacting the Court Clerk  to reserve the room, if they wish.

The Court finds the remainder of this deposition and any other depositions conducted in this case shall be completed in compliance with the rules set forth in *Damaj*, slightly modified by this Court, as follows:

> 1. At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarification, definition, or explanation

>of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.
>
>2. All objections, except those which would be waived if not made at the deposition under Fed.R.Civ.P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the Court, or to present a motion pursuant to Fed.R.Civ.P. 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of deposition.
>
>3. Counsel shall not make objections or statements which might suggest an answer to a witness. Counsel's statement when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more. If the form of the question is objectionable, counsel should say nothing other than "object to the form of the question" and state the basis for the objection. The witness shall answer after the objection.

The Oklahoma Bar Association Board of Governors adopted aspirational Standards of Professionalism on April 20, 2006 which include specific prescriptions for depositions. These standards do not have the force of rule or law but reflect the consensus of lawyers interested in the law as a higher calling on how to conduct a deposition. Those germane to the issues before the Court include:

>**(6)** We will not, even when called upon by a client to do so, abuse others or indulge in offensive conduct directed to other counsel, parties or witnesses. We will refrain from disparaging personal remarks or acrimony toward other counsel, parties and witnesses; and will treat adverse parties and witnesses with civility and fair consideration.
>
>**9)** We will limit deposition objections to those which are well-founded and permitted by (as applicable) the Oklahoma Discovery Code, the Federal Rules of Civil Procedure, any governing local court rules, and any apposite case law. Any such

objections will be stated concisely and in a non-argumentative and non-suggestive manner. We will remember that most objections are preserved and need be made only when the form of a question is defective or when privileged information is sought.

**(10)** Once a question is asked, we will not, through objections or otherwise, coach the deponent or suggest answers.

**(11)** We will not direct a deponent to refuse to answer a question unless specifically permitted by (as applicable) 12 O.S. 2001, Section 3230.E.1, or Federal Rule 30(d)(1), F.R.Civ.P.

**(12)** We will refrain from self-serving speeches during depositions.

**(13)** We will not engage in any conduct during a deposition which would not be allowed in the presence of a judicial officer, including disparaging personal remarks or acrimony toward opposing counsel or the witness, as well as gestures, facial expressions, audible comment, or other manifestations of approval or disapproval during the testimony of the witness. We will not engage in undignified or discourteous conduct which degrades the legal proceeding or the legal profession. Our clients, colleagues and staff will be admonished to conduct themselves in the same dignified and courteous manner.

Counsel are encouraged to give these standards additional consideration.

### B. VIOLATION OF THE OKLAHOMA RULES OF PROFESSIONAL CONDUCT

Plaintiff's motion argues that one particular verbal exchange goes beyond a violation of the Federal Rules of Civil Procedure and also violates the Oklahoma Rules of Professional Conduct. In a dispute over whether a question by Plaintiff had been asked and answered, counsel Hickman responds:

> MR. HICKMAN: Well, I think you're being unfair to the witness and you're doing it intentionally. You're trying to cheat, and my job is (sic) cheat—your job is to do that and my job is to stop that from happening. I mean, that's just how it is. (Transcript, page

192).

In response, Plaintiff's counsel suggests that the deposition be adjourned and reconvened in front of a referee. Plaintiff's counsel expresses his frustration and dismay in the reply brief as follows: "It was only when Defendants' counsel unprofessionally and unethically stated that it was Plaintiff's counsel's job to 'cheat' and Defendants' counsel's job to stop that from happening that Plaintiff's counsel had no further choice but to adjourn the deposition and seek court assistance in resuming and completing the deposition under supervision." (Page 4, reply brief)

This Court finds that counsel Hickman's statement is a clear violation of the Oklahoma Rules of Professional Conduct, Okla. Stat. tit. 5, App. 3-A (1991), which admonish against "cheating" by direct prohibition in some rules and by implication in all others, beginning with the Preamble, which states:

> A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process.

Rule 1.3 was amended in 1988 to eliminate the black letter duty of "zealous" representation and now requires that "A lawyer shall act with reasonable diligence and promptness in representing a client." The comments explain further that "a lawyer is not bound to press for every advantage that might be realized for a client.

A lawyer has professional discretion in determining the means by which a matter should be pursued. R. 1.3 cmt. (1988).

Rule 2.1 describes the lawyer as a trusted advisor and explains, "In rendering advice, a lawyer may refer not only to law but to other considerations such as <u>moral</u>, economic, social and political  factors, that may be relevant to the clients situation."(emphasis added).

Other relevant rules include:

Rule 3.4  FAIRNESS TO OPPOSING PARTY AND COUNSEL

A lawyer shall not:
(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document and other material having potential evidentiary value.  A lawyer shall not counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely. . ..


Rule 4.1 TRUTHFULNESS IN STATEMENTS TO OTHERS

In the course of representing a client a lawyer shall not knowingly:
(a) make a false statement of material fact or law to a third person. . ..


Rule 8.4 MISCONDUCT

It is professional misconduct for a lawyer to:
. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice . . ..

The Court finds that counsel Hickman's statement violates the letter and the spirit of the Oklahoma Rules of Professional Conduct.

Nationwide, hundreds of lawyers and their professional associations dedicate themselves to educating the public and to improving the legal profession's improperly tarnished reputation for dishonesty and deceit.  Hickman's comments do a great disservice to that effort.  The Oklahoma Bar Association's Lawyer's Creed and Standards of Professionalism are examples of such efforts.  These aspirational standards go well beyond the minimum standards of the Rules of Professional Conduct with an  emphasis on honesty, integrity and respectful conduct.

In the June, 2006, issue of the Tulsa County Bar Association's publication, "Tulsa Lawyer", Tulsa County Bar President Patrick O'Connor complains: "Another example of discovery abuse carried out in the name of 'zealous' advocacy is aggressive deposition behavior such as 'speaking objections' designed to obstruct the flow of information or coach the witness. . . . It is comforting to observe that the most successful  lawyers are usually the ones that practice law as a 'high calling'. These lawyers share common traits:

(1) They are effective listeners and trusted counselors;

(2) They find ways to simplify rather than to complicate in order to seek an acceptable resolution;

(3)They are peacemakers and problem solvers utilizing effective negotiation and skillful advocacy;

(4) They live lives of honesty and integrity;

(5) They serve their clients as well as their communities."

Nationwide, such county bar efforts are repeated a hundredfold each day. Again, Hickman's comments are a disservice to such efforts.

Violations of the Federal Rules of Civil Procedure are best addressed by the courts. Violation of the Oklahoma Rules of Professional Conduct are best addressed by the Oklahoma Bar Association that has an established Professional Responsibility Tribunal to investigate and take action regarding such violations. Rule 8.3 of the Rules of Professional Conduct requires that any lawyer, including the courts, report any violation of the rules. Therefore, the Court finds the appropriate action by this Court is to forward a copy of this Order, along with the Motion, Response Brief, and Reply Brief, to the office of the Oklahoma Bar Association to the attention of the Ethics Counsel for review and discipline as warranted.

### C. REQUEST FOR ATTORNEY FEES AND COSTS

Plaintiff has requested fees and expenses in connection with this motion. Fed.R.Civ.P. 30(d)(4), provides that an award of expenses incurred in relation to such a motion are governed by Rule 37 (a)(4), which states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort

> to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4).

The Court finds that the actions of Defendants' counsel caused the need for such motion. Plaintiff's request for fees and expenses is therefore granted, subject to the Court's determination of reasonableness. Plaintiff shall have 15 days from the date of this order to submit itemized statement of attorney's fees and expenses incurred in connection with the motion. Defendant's counsel shall have 10 days thereafter to respond. If reply is warranted, it must be filed 5 days thereafter, at which time the Court will consider the matter at issue and will enter an appropriate order.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion For Protective Order Directing Defendants' Counsel To Cease Obstructionist Tactics During Oral Deposition, Motion to Appoint Referee and Motion for Award of Related Fees and Expenses [Dkt. #57] is granted in part and denied in part as set forth herein.

DATED THIS 21st DAY OF JULY, 2006.

Sam A. Joyner
United States Magistrate Judge